# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, ) ) Plaintiff, ) ) v. ) ) PARADISE HOME IMPROVEMENT, LLC, ) and SHARON WATSON, individually and as ) a class representative, ) ) Defendants. ) | CIVIL ACTION FILE NO. 3:15-CV-139-RJC-DCK |

## ANSWER OF DEFENDANT PARADISE HOME IMPROVEMENT, LLC

COMES NOW, Defendant Paradise Home Improvement, LLC (hereinafter "Paradise"), by and through their undersigned counsel, and for their Answer to The Cincinnati Insurance Company's (hereinafter "Cincinnati") Verified Complaint for Declaratory Judgment, showing this Honorable Court as follows:

### FIRST DEFENSE

Cincinnati's Complaint fails to state a claim upon which relief can be granted against Defendant Paradise.

### SECOND DEFENSE

Cincinnati's Complaint is barred by the doctrine of waiver as against Defendant Paradise.

### THIRD DEFENSE

Cincinnati's Complaint is barred by the doctrine of laches as against Defendant Paradise.

### FOURTH DEFENSE

Cincinnati's Complaint is barred by the statute of frauds as against Defendant Paradise.

## FIFTH DEFENSE

Cincinnati's claims are barred by estoppel as against Defendant Paradise.

## SIXTH DEFENSE

Cincinnati is not entitled to any declaratory relief or for any other relief for which it prays in its Complaint.

## SEVENTH DEFENSE

In answer to the specific allegations of Cincinnati's Complaint, Defendant Paradise state as follows:

## NATURE OF THE ACTION

1.

Defendant Paradise admits the allegations contained in Paragraph 1 of Cincinnati's Complaint.

2.

Defendant Paradise admits the allegations contained in Paragraph 2 of Cincinnati's Complaint.

3.

Defendant Paradise admits the allegations contained in Paragraph 3 of Cincinnati's Complaint.

4.

Defendant Paradise admits that Cincinnati is currently defending Paradise's interests in the Watson Suit, however, Defendant Paradise is unable to admit or deny the allegation that Cincinnati has reserved its right to deny any obligation to defend or indemnify Paradise with

regard to that matter or that Cincinnati filed this Declaratory Judgment action for the purpose of obtaining a declaration of its coverage rights and obligations, and therefore same is denied.

5.

Defendant Paradise is without sufficient knowledge to admit or deny the allegations contained in Paragraph 5 of Cincinnati's Complaint, and therefore same is denied.

## THE PARTIES

6.

Defendant Paradise is without sufficient knowledge to admit or deny the allegations contained in Paragraph 6 of Cincinnati's Complaint, and therefore same is denied.

7.

Defendant Paradise admits the allegations contained in Paragraph 7 of Cincinnati's Complaint.

8.

Defendant Paradise is without sufficient knowledge to admit or deny the allegations contained in Paragraph 8 of Cincinnati's Complaint, and therefore same is denied.

9.

Defendant Paradise admits the allegations contained in Paragraph 9 of Cincinnati's Complaint.

10.

Defendant Paradise is without sufficient knowledge to admit or deny the allegations contained in Paragraph 10 of Cincinnati's Complaint, and therefore same is denied.

## JURISDICTION AND VENUE

11.

Defendant Paradise is without sufficient knowledge to admit or deny the allegations contained in Paragraph 11 of Cincinnati's Complaint, and therefore same is denied.

12.

Defendant Paradise is without sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of Cincinnati's Complaint, and therefore same is denied.

13.

Defendant Paradise admits the allegations contained in Paragraph 13 of Cincinnati's Complaint.

14.

Defendant Paradise is without sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of Cincinnati's Complaint, and therefore same is denied.

15.

Defendant Paradise admits the allegations contained in Paragraph 15 of Cincinnati's Complaint.

16.

Defendant Paradise admits the allegations contained in Paragraph 16 of Cincinnati's Complaint.

## FACTUAL BACKGROUND

17.

Defendant Paradise admits the allegations contained in Paragraph 17 of Cincinnati's Complaint.

18.

Defendant Paradise admits the allegations contained in Paragraph 18 of Cincinnati's Complaint.

19.

Defendant Paradise admits the allegations contained in Paragraph 19 of Cincinnati's Complaint.

20.

Defendant Paradise admits the allegations contained in Paragraph 20 of Cincinnati's Complaint.

21.

Defendant Paradise admits the allegations contained in Paragraph 21 of Cincinnati's Complaint.

22.

Defendant Paradise admits that the Watson Suit contains certain allegations as stated in Paragraph 22 of Cincinnati's Complaint, but denies any inference that it is liability for said allegations.

23.

Defendant Paradise admits that the Watson Suit contains certain allegations and attempts to establish a putative class as stated in Paragraph 23 of Cincinnati's Complaint, but denies any inference that it is liability for said allegations.

24.

Defendant Paradise admits that the Watson Suit contains certain allegations as stated in Paragraph 24 of Cincinnati's Complaint, but denies any inference that it is liability for said allegations.

25.

Defendant Paradise admits that the Watson Suit contains certain allegations as stated in Paragraph 25 of Cincinnati's Complaint, but denies any inference that it is liability for said allegations.

26.

Defendant Paradise admits that the Watson Suit contains certain allegations as stated in Paragraph 26 of Cincinnati's Complaint, but denies any inference that it is liability for said allegations.

27.

Defendant Paradise admits that the Watson Suit contains certain allegations regarding damages as stated in Paragraph 27 of Cincinnati's Complaint, but denies any inference that it is liability for said allegations.

28.

Defendant Paradise admits the allegations contained in Paragraph 28 of Cincinnati's Complaint.

29.

Defendant Paradise is without sufficient knowledge to admit or deny the allegations as to the intent or actions of Cincinnati as set forth in Paragraph 29 of Cincinnati's Complaint, and therefore same is denied.

30.

Defendant Paradise is without sufficient knowledge to admit or deny the allegations as to the intent or actions of Cincinnati as set forth in Paragraph 30 of Cincinnati's Complaint, and therefore same is denied.

31.

Defendant Paradise admits that it contests and denies the coverage defenses outlined by Plaintiff in its Complaint as set forth in Paragraph 31, however, is unable to admit or deny whether any of the remaining Defendants contest or deny said coverage defenses, therefore same is denied.

32.

Defendant Paradise is without sufficient knowledge to admit or deny the allegations as to the intent or actions of Cincinnati as set forth in Paragraph 32 of Cincinnati's Complaint, and therefore same is denied.

## THE CINCINNATI POLICIES – GENERALLY

33.

Defendant Paradise asserts that the identified policies in Paragraph 33 speak for themselves, and if any claim or allegation is inferred by Paragraph 33, same is denied.

34.

Defendant Paradise asserts that the identified policies in Paragraph 34 speak for themselves, and if any claim or allegation is inferred by Paragraph 34, same is denied.

35.

Defendant Paradise asserts that the identified policies in Paragraph 35 speak for themselves, and if any claim or allegation is inferred by Paragraph 35, same is denied.

36.

Defendant Paradise asserts that the identified policies in Paragraph 36 speak for themselves, and if any claim or allegation is inferred by Paragraph 36, same is denied.

## Count I

### (Lack of a Qualifying "Property Damage" and/or "Personal and Advertising Injury")

37.

Defendant Paradise re-alleges and incorporates by reference its responses to the allegations contained in the prior paragraphs of Cincinnati's Complaint and denies any remaining allegations contained in Paragraph 37 of Cincinnati's Complaint.

38.

Defendant Paradise states that the policy language identified in Paragraph 38 speak for themselves, and further deny any remaining allegations contained in Paragraph 38 of Cincinnati's Complaint.

39.

Defendant Paradise asserts that the identified policy language in Paragraph 39 speaks for itself, and if any claim or allegation is inferred by Paragraph 39, same is denied.

40.

Defendant Paradise denies the allegations contained in Paragraph 40 of Cincinnati's Complaint.

41.

Defendant Paradise denies the allegations contained in Paragraph 41 of Cincinnati's Complaint.

42.

Defendant Paradise is without sufficient knowledge to admit or deny the allegations contained in Paragraph 42 of Cincinnati's Complaint.

43.

Defendant Paradise asserts that the allegations made in the Watson Suit speak for themselves, and if Paragraph 43 of Cincinnati's Complaint contains or infers any allegations, then same are denied.

44.

Defendant Paradise asserts that the identified policy language in Paragraph 44 speaks for itself, and denies the allegations contained in Paragraph 44 of Cincinnati's Complaint.

## Count II

**(Exclusion for Conduct Which is Alleged to Violate TCPA)**

45.

Defendant Paradise re-alleges and incorporates by reference its responses to the allegations contained in the prior paragraphs of Cincinnati's Complaint and denies any remaining allegations contained in Paragraph 45 of Cincinnati's Complaint.

46.

Defendant Paradise asserts that the identified policy language in Paragraph 46 speaks for itself, and if any claim or allegation is inferred by Paragraph 46, same is denied.

47.

Defendant Paradise asserts that the identified policy language in Paragraph 47 speaks for itself, and if any claim or allegation is inferred by Paragraph 47, same is denied.

48.

Defendant Paradise asserts that the allegations made in the Watson Suit speak for themselves, and if Paragraph 48 of Cincinnati's Complaint contains or infers any allegations, then same are denied.

49.

Defendant Paradise denies the allegations contained in Paragraph 49 of Cincinnati's Complaint.

## Count III

### (Prior Knowledge of Circumstances)

50.

Defendant Paradise re-alleges and incorporates by reference its responses to the allegations contained in the prior paragraphs of Cincinnati's Complaint and denies any remaining allegations contained in Paragraph 50 of Cincinnati's Complaint.

51.

Defendant Paradise asserts that the allegations made in the Watson Suit speak for themselves, and if Paragraph 51 of Cincinnati's Complaint contains or infers any allegations, then same are denied.

52.

Defendant Paradise asserts that the allegations made in the Watson Suit speak for themselves, and if Paragraph 52 of Cincinnati's Complaint contains or infers any allegations, then same are denied.

53.

Defendant Paradise asserts that the identified policy language in Paragraph 53 speaks for itself, and if any claim or allegation is inferred by Paragraph 53, same is denied.

54.

Defendant Paradise asserts that the allegations made in the Watson Suit speak for themselves, and if Paragraph 54 of Cincinnati's Complaint contains or infers any allegations, then same are denied.

55.

Defendant Paradise denies the allegations contained in Paragraph 55 of Cincinnati's Complaint.

56.

Defendant Paradise denies the allegations contained in Paragraph 56 of Cincinnati's Complaint.

57.

Defendant Paradise denies the allegations contained in Paragraph 57 of Cincinnati's Complaint.

**Count IV**

**(Property Damage Deductible)**

58.

Defendant Paradise re-alleges and incorporates by reference its responses to the allegations contained in the prior paragraphs of Cincinnati's Complaint and denies any remaining allegations contained in Paragraph 58 of Cincinnati's Complaint.

59.

Defendant Paradise denies the allegations contained in Paragraph 59 of Cincinnati's Complaint.

60.

Defendant Paradise asserts that the identified policy language in Paragraph 60 speaks for itself, and if any claim or allegation is inferred by Paragraph 60, same is denied.

61.

Defendant Paradise is without sufficient knowledge to admit or deny the allegations contained in Paragraph 61 of Cincinnati's Complaint, and therefore same is denied.

62.

Defendant Paradise asserts that the identified policy language in Paragraph 62 speaks for itself, and if any claim or allegation is inferred by Paragraph 62, same is denied.

63.

Defendant Paradise denies the allegations contained in Paragraph 63 of Cincinnati's Complaint.

**Count V**

**(Excess Liability Coverage Limitations)**

64.

Defendant Paradise re-alleges and incorporates by reference its responses to the allegations contained in the prior paragraphs of Cincinnati's Complaint and denies any remaining allegations contained in Paragraph 64 of Cincinnati's Complaint.

65.

Defendant Paradise asserts that the identified policy language in Paragraph 65 speaks for itself, and if any claim or allegation is inferred by Paragraph 65, same is denied.

66.

Defendant Paradise asserts that the identified policy language in Paragraph 66 speaks for itself, and if any claim or allegation is inferred by Paragraph 66, same is denied.

67.

Defendant Paradise asserts that the identified policy language in Paragraph 67 speaks for itself, and if any claim or allegation is inferred by Paragraph 67, same is denied.

68.

Defendant Paradise asserts that the identified policy language in Paragraph 68 speaks for itself, and if any claim or allegation is inferred by Paragraph 68, same is denied.

69.

Defendant Paradise asserts that the identified policy language in Paragraph 69 speaks for itself, and if any claim or allegation is inferred by Paragraph 69, same is denied.

70.

Defendant Paradise asserts that the identified policy language in Paragraph 70 speaks for itself, and if any claim or allegation is inferred by Paragraph 70, same is denied.

71.

Defendant Paradise denies the allegations contained in Paragraph 71 of Cincinnati's Complaint.

**Count VI**

**(Lack of Coverage for Intentional or Non-Compensatory Judgment Awards)**

72.

Defendant Paradise re-alleges and incorporates by reference its responses to the allegations contained in the prior paragraphs of Cincinnati's Complaint and denies any remaining allegations contained in Paragraph 72 of Cincinnati's Complaint.

73.

Defendant Paradise denies the allegations contained in Paragraph 73 of Cincinnati's Complaint.

74.

Defendant Paradise asserts that the identified policy language in Paragraph 74 speaks for itself, and if any claim or allegation is inferred by Paragraph 74, same is denied.

75.

Defendant Paradise denies the allegations contained in Paragraph 75 of Cincinnati's Complaint.

76.

Defendant Paradise denies the prayer for relief as well as any remaining allegations contained in Cincinnati's Complaint not previously responded to herein and further denies that Cincinnati is entitled to any relief as requested.

WHEREFORE, having fully answered Cincinnati's Complaint, Defendant Paradise prays that the same be dismissed with the costs against Plaintiff Cincinnati.

Respectfully submitted, this 22nd day of April, 2015.

**NICHOLSON LAW FIRM, P.A.**

/s/ Edward H. Nicholson, Jr.
_____
Edward H. Nicholson, Jr.
(NC Bar No. 36123)
212 S. Tryon St., Ste. 1725
Charlotte, NC 28281
(704) 223-2406
(704) 333-2529
nicholsonshumaker@att.net

**McCONNELL & SNEED, LLC**
Robert M. Sneed, Jr.
Georgia Bar No. 665608
*(Application for pro hac admission pending)*
990 Hammond Drive, Ste. 840
Atlanta, Georgia 30328
(404) 665-3090 tel
(404) 665-3476 fax
rms@mcconnellsneed.com


*Attorneys for Defendant Paradise Home Improvement, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 3:15-CV-139-RJC-DCK |
| PARADISE HOME IMPROVEMENT, LLC, ) | |
| and SHARON WATSON, individually and as ) | |
| a class representative, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Answer of Defendant Paradise Home Improvement, LLC* upon all parties of record by filing with the CM/ECF system, which will send electronic notification of such filing to::

>Susan K. Burkhart
>Cranfill Sumner & Hartzog, LLP
>P.O. Box 27808
>Raleigh, NC 27611

This 22nd day of April, 2015.

**NICHOLSON LAW FIRM, P.A.**

/s/ Edward H. Nicholson, Jr.
_____
Edward H. Nicholson, Jr.
(NC Bar No. 36123)
212 S. Tryon St., Ste. 1725
Charlotte, NC 28281
(704) 223-2406
(704) 333-2529
nicholsonshumaker@att.net